JOHN W. HUBER, United States Attorney (#7226)
VERNON STEJSKAL, Assistant United States Attorney (#8434)
MICHAEL GADD, Special Assistant United States Attorney (#13704)
Attorneys for the United States of America
111 South Main Street, Suite 1800
Salt Lake City, Utah 84111
Telephone: (801) 524-5682
Email: Michael.Gadd@usdoj.gov

FILED
U.S. DISTRICT COURT

2017 MAY 31 P 2: 49

DISTRICT OF UTAH

BY:
DEPUTY CLERK

## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | **SUPERSEDING INDICTMENT** |
| Plaintiff, | Case No. 2:16-cr-00631-DAK |
| vs. | VIOLATIONS:<br>21 U.S.C. §848, CONTINUING CRIMINAL ENTERPRISE; |
| AARON MICHAEL SHAMO,<br>DREW WILSON CRANDALL,<br>ALEXANDRYA MARIE TONGE,<br>KATHERINE LAUREN ANNE BUSTIN,<br>MARIO ANTHONY NOBLE, and<br>SEAN MICHAEL GYGI,<br>Defendants. | 21 U.S.C. §846, CONSPIRACY TO DISTRIBUTE A CONTROLLED SUBSTANCE; |
| | 21 U.S.C. §952, AIDING AND ABETTING THE IMPORTATION OF A CONTROLLED SUBSTANCE; |
| | 21 U.S.C. §841(a)(1), POSSESSION OF FENTANYL WITH INTENT TO DISTRIBUTE; |
| | 21 U.S.C. §841(a)(1), MANUFACTURE OF ALPRAZOLAM; |
| | 21 U.S.C. §§ 331(k) & 333(b)(7), KNOWING AND INTENTIONAL ADULTERATION OF DRUGS WHILE HELD FOR SALE; |
| | 21 U.S.C. §843(b), USE OF THE U.S. MAIL IN FURTHERANCE OF A DRUG TRAFFICKING OFFENSE; |
| | 18 U.S.C. §1956(h), CONSPIRACY TO |

|  | COMMIT MONEY LAUNDERING; |
|  | 18 U.S.C. § 1957(a), ENGAGING IN MONETARY TRANSACTIONS IN PROPERTY DERIVED FROM SPECIFIED UNLAWFUL ACTIVITY; |
|  | 18 U.S.C. § 1956(a)(1)(A)(i), MONEY LAUNDERING CONCEALMENT; |
|  | Judge Dale. A Kimball |

The Grand Jury Charges:

## COUNT 1
### (21 U.S.C. § 848, CONTINUING CRIMINAL ENTERPRISE)

Beginning on a date unknown to the Grand Jury, but at least by July 8, 2015, and

continuing to at least November 22, 2016, in the Central Division of the District of Utah

and elsewhere,

### AARON MICHAEL SHAMO,

defendant herein, did knowingly and intentionally engage in a continuing criminal

enterprise in that he knowingly and intentionally violated Title 21, United States Code,

Sections 841(a)(1), 846, and 952(a), which violations include, but are not limited to,

- The violation alleged in Count 2, Conspiracy to Distribute Fentanyl, which Count

  is re-alleged and incorporated herein by reference as though fully set forth in this

  Count;

- The violation alleged in Count 3, Conspiracy to Distribute Alprazolam, which

  Count  is re-alleged and incorporated herein by reference as though fully set forth

  in this Count;

- The violation alleged in Count 4, Aiding and Abetting the Importation of a Controlled Substance, which Count is re-alleged and incorporated herein by reference as though fully set forth in this Count;

- The violation alleged in Count 5, Aiding and Abetting the Importation of a Controlled Substance, which Count is re-alleged and incorporated herein by reference as though fully set forth in this Count;

- The violation alleged in Count 6, Aiding and Abetting the Importation of a Controlled Substance, which Count is re-alleged and incorporated herein by reference as though fully set forth in this Count;

- The violation alleged in Count 7, Possession of Fentanyl with Intent to Distribute, which Count is re-alleged and incorporated herein by reference as though fully set forth in this Count;

- Aiding and abetting the violation alleged in Count 8, Possession of Fentanyl with Intent to Distribute, which Count is re-alleged and incorporated herein by reference as though fully set forth in this Count;

- The violation alleged in Count 9, Manufacture of Alprazolam, which Count is re-alleged and incorporated herein by reference as though fully set forth in this Count;

- The violation alleged in Count 12, Use of the U.S. Mail in Furtherance of a Drug Trafficking Offense, which Count is re-alleged and incorporated herein by reference as though fully set forth in this Count;

- Aiding and Abetting the Attempted Distribution of Fentanyl on or about November 20, 2016, to J.G., aka "trustworthymoney," through A.L., all in violation of Title 21, United States Code, Sections 841(a)(1) and 846, and Title 18, United States Code, Section 2;

- Aiding and Abetting the Possession of Fentanyl with Intent to Distribute on the following dates to the following addressees, each in violation of Title 21, United States Code, Section 841(a)(1) and Title 18, United States Code, Section 2:

| Date | Addressee | State | Number of Pills | Controlled Substance | Markings |
|---|---|---|---|---|---|
| 11/18/2016 | N.A. | CA | 12 | Fentanyl | A 215 |
| 11/18/2016 | M.J. | CA | 11 | Fentanyl | M/30 |
| 11/18/2016 | A.B. | CO | 20 | Fentanyl | M/30 |
| 11/18/2016 | B.B. | CO | 10 | Fentanyl | A 215 |
| 11/18/2016 | T.M. | CT | 60 | Fentanyl | M/30 |
| 11/18/2016 | J.R. | CT | 11 | Fentanyl | A 215 |
| 11/20/2016 | T.J. | FL | 200 | Fentanyl | A 215 |
| 11/18/2016 | P.F. | IL | 100 | Fentanyl | A 215 |
| 11/18/2016 | J.M. | IL | 22 | Fentanyl | M/30 |
| 11/18/2016 | A.G. | KY | 20 | Fentanyl | A 215 |
| 11/18/2016 | F.O. | LA | 100 | Fentanyl | M/30 |
| 11/20/2016 | C.D. | MA | 100 | Fentanyl | A 215 |
| 11/18/2016 | J.M. | MD | 27 | Fentanyl | A 215 |
| 11/20/2016 | N.M. | ME | 100 | Fentanyl | A 215 |

4

| 11/20/2016 | N.Y. | MI | 100 | Fentanyl | A 215 |
| 11/18/2016 | M.P. | MN | 16 | Fentanyl | A 215 |
| 11/18/2016 | A.B. | MO | 11 | Fentanyl | M/30 |
| 11/18/2016 | A.M. | MT | 40 | Fentanyl | M/30 |
| 11/18/2016 | D.G. | MT | 40 | Fentanyl | A 215 |
| 11/18/2016 | M.S. | NC | 100 | Fentanyl | A 215 |
| 11/18/2016 | M.L. | NC | 100 | Fentanyl | A 215 |
| 11/20/2016 | J.R. | NC | 100 | Fentanyl | A 215 |
| 11/18/2016 | L.P. | NY | 11 | Fentanyl | M/30 |
| 11/18/2016 | J.G. | NY | 11 | Fentanyl | M/30 |
| 11/18/2016 | B.S. | OH | 11 | Fentanyl | A 215 |
| 11/18/2016 | R.B. | OH | 150 | Fentanyl | A 215 |
| 11/18/2016 | K.M. TT S T R | OK | 11 | Fentanyl | M/30 |
| 11/18/2016 | C. | PA | 11 | Fentanyl | M/30 |
| 11/18/2016 | R.P. | PA | 11 | Fentanyl | A 215 |
| 11/18/2016 | J.S. | PA | 11 | Fentanyl | A 215 |
| 11/18/2016 | S.F. | PA | 11 | Fentanyl | A 215 |
| 11/20/2016 | A.H. | PA | 100 | Fentanyl | A 215 |
| 11/18/2016 | K.M. | SC | 11 | Fentanyl | M/30 |
| 11/18/2016 | T.E. | SC | 12 | Fentanyl | M/30 |
| 11/18/2016 | G.T. | TX | 11 | Fentanyl | M/30 |
| 11/20/2016 | A.W. | TX | 13 | Fentanyl | M/30 |
| 11/20/2016 | J.B. | TX | 100 | Fentanyl | M/30 |

| 11/18/2016 | A.T. | VA | 12 | Fentanyl | M/30 |
| 11/20/2016 | G.D. | VA | 150 | Fentanyl | A 215 |
| 11/20/2016 | A.H. | VA | 100 | Fentanyl | A 215 |

- Aiding and Abetting the Possession of Alprazolam with Intent to Distribute on the following dates to the following addressees, each in violation of Title 21, United States Code, Section 841(a)(1) and Title 18, United States Code, Section 2:

| Date | Addressee | State | Number of Pills | Controlled Substance | Markings |
|---|---|---|---|---|---|
| 11/20/2016 | A.L. | CA | 100 | Alprazolam | GG 249 |
| 11/18/2016 | A.F. | GA | 200 | Alprazolam | GG 249 |
| 11/20/2016 | S.S. | GA | 100 | Alprazolam | GG 249 |
| 11/20/2016 | P.O. | GA | 100 | Alprazolam | GG 249 |
| 11/18/2016 | D.C. | IL | 100 | Alprazolam | GG 249 |
| 11/20/2016 | D.C. | IL | 100 | Alprazolam | GG 249 |
| 11/20/2016 | J.H. | LA | 100 | Alprazolam | GG 249 |
| 11/20/2016 | J.S. | MI | 200 | Alprazolam | GG 249 |
| 11/20/2016 | C.G. | MS | 100 | Alprazolam | GG 249 |
| 11/18/2016 | S.W. | NC | 100 | Alprazolam | GG 249 |
| 11/18/2016 | R.K. | NC | 100 | Alprazolam | GG 249 |
| 11/18/2016 | F.W. | NC | 100 | Alprazolam | GG 249 |
| 11/20/2016 | Z.W. | NY | 100 | Alprazolam | GG 249 |
| 11/18/2016 | X.C. | OH | 100 | Alprazolam | GG 249 |
| 11/18/2016 | P.H. | PA | 100 | Alprazolam | GG 249 |

| 11/20/2016 | N.H. | SC | 100 | Alprazolam | GG 249 |
| 11/20/2016 | D.L. | SC | 100 | Alprazolam | GG 249 |
| 11/18/2016 | R.T. | TN | 100 | Alprazolam | GG 249 |
| 11/20/2016 | C.S. | TN | 100 | Alprazolam | GG 249 |
| 11/18/2016 | A.S. | TX | 100 | Alprazolam | GG 249 |

- Aiding and Abetting the Use of the U.S. Mail in Furtherance of a Drug Trafficking Offense on the following dates to the following addressees, each in violation of Title 21, United States Code, Section 843(b) and Title 18, United States Code, Section 2:

| Date | Addressee | State | Number of Pills | Controlled Substance | Markings |
|------|-----------|-------|-----------------|----------------------|----------|
| 11/22/2016 | T.G. | NC | 50 | Fentanyl | M/30 |
| 11/22/2016 | E.S. | NC | 100 | Fentanyl | A 215 |
| 11/22/2016 | E.J. | NC | 100 | Fentanyl | M/30 |
| 11/22/2016 | B.F. | ND | 500 | Fentanyl | M/30 |
| 11/22/2016 | D.P. | NY | 100 | Fentanyl | M/30 |
| 11/22/2016 | R.W. | SC | 50 | Fentanyl | M/30 |
| 11/22/2016 | M.E. | SD | 500 | Fentanyl | A 215 |
| 11/22/2016 | G.V. | VA | 100 | Fentanyl | M/30 |

- Aiding and Abetting the Distribution of Fentanyl on or about April 27, 2016, to D.M., all in violation of Title 21, United States Code, Section 841(a)(1) and Title

18, United States Code, Section 2;

- Aiding and Abetting the Distribution of Fentanyl on or about June 14, 2016, to D.M., all in violation of Title 21, United States Code, Section 841(a)(1) and Title 18, United States Code, Section 2; and

- Aiding and Abetting the Distribution of Fentanyl on or about June 12, 2016, to J.A., all in violation of Title 21, United States Code, Section 841(a)(1) and Title 18, United States Code, Section 2;

which violations were part of a continuing series of violations of the Controlled Substances Act, Title 21, United States Code, Section 801, *et seq.*, undertaken by defendant, AARON MICHAEL SHAMO, in concert with at least five other persons with respect to whom AARON MICHAEL SHAMO occupied a position of organizer, supervisor, and any position of management, and from which such continuing series of violations the defendant obtained substantial income and resources.

Furthermore, the defendant, AARON MICHAEL SHAMO, was a principal administrator, organizer, supervisor and leader of the criminal enterprise, which involved possession with intent to distribute and distribution of more than 12,000 grams of a mixture and substance containing a detectable amount of Fentanyl (N-phenyl-N- [ 1- ( 2-phenylethyl ) -4-piperidinyl ] propanamide), a schedule II controlled substance within the meaning of 21 U.S.C. § 812; all in violation of 21 U.S.C. § 848(b)(1) and (2)(A) and punishable under 21 U.S.C.§ 848(b).

## COUNT 2
(21 U.S.C. §§ 846 & 841(a)(1), CONSPIRACY TO DISTRIBUTE FENTANYL)

Beginning on a date unknown to the Grand Jury, but at least by February 3, 2016, and continuing to at least November 22, 2016, in the Central Division of the District of Utah and elsewhere,

> DREW WILSON CRANDALL,
> ALEXANDRYA MARIE TONGE,
> KATHERINE LAUREN ANNE BUSTIN,
> MARIO ANTHONY NOBLE, and
> SEAN MICHAEL GYGI,

defendants herein, did combine, conspire, confederate and agree with AARON MICHAEL SHAMO, with each other, and with other persons, both known and unknown to the Grand Jury, to knowingly and intentionally distribute four hundred grams or more of a mixture or substance containing a detectable amount of Fentanyl (N-phenyl-N- [ 1- ( 2-phenylethyl ) -4-piperidinyl ] propanamide), a Schedule II controlled substance within the meaning of 21 U.S.C. § 812, all in violation of 21 U.S.C.§§ 846 and 841(a)(1) and punishable under 21 U.S.C.§ 841(b)(1)(A).

## COUNT 3
(21 U.S.C. §§ 846 & 841(a)(1), CONSPIRACY TO DISTRIBUTE ALPRAZOLAM)

Beginning on a date unknown to the Grand Jury, but at least by December 22, 2015, and continuing to at least November 22, 2016, in the Central Division of the District of Utah and elsewhere,

> DREW WILSON CRANDALL,
> ALEXANDRYA MARIE TONGE,
> KATHERINE LAUREN ANNE BUSTIN,
> MARIO ANTHONY NOBLE, and

SEAN MICHAEL GYGI,

defendants herein, did combine, conspire, confederate and agree with AARON

MICHAEL SHAMO, with each other, and with other persons, both known and unknown

to the Grand Jury, to knowingly and intentionally distribute a mixture or substance

containing a detectable amount of Alprazolam, a Schedule IV controlled substance within

the meaning of 21 U.S.C. § 812, all in violation of 21 U.S.C.§§ 846 and 841(a)(1) and

punishable under 21 U.S.C.§ 841(b)(2).

## COUNT 4
(21 U.S.C. §952, AIDING AND ABETTING THE IMPORTATION OF A
CONTROLLED SUBSTANCE)

On or about June 23, 2016, in the Central Division of the District of Utah and

elsewhere,

AARON MICHAEL SHAMO,

defendant herein, did intentionally and knowingly import from the country of China into

the United States 40 grams or more of a mixture and substance containing a detectable

amount of Fentanyl (N-phenyl-N- [ 1- ( 2-phenylethyl ) -4-piperidinyl ] propanamide), a

Schedule II controlled substance within the meaning of 21 U.S.C. § 812, and did aid and

abet therein, all in violation of 21 U.S.C.§§ 952(a), 960, and 18 U.S.C. § 2, and punishable

under 21 U.S.C.§ 960(b)(2).

## COUNT 5
### (21 U.S.C. §952, AIDING AND ABETTING THE IMPORTATION OF A CONTROLLED SUBSTANCE)

On or about November 8, 2016, in the Central Division of the District of Utah and elsewhere,

### AARON MICHAEL SHAMO,

defendant herein, did intentionally and knowingly import from the country of China into the United States a mixture and substance containing a detectable amount of Alprazolam, a Schedule IV controlled substance within the meaning of 21 U.S.C. § 812, and did aid and abet therein, all in violation of 21 U.S.C.§§ 952(a), 960, and 18 U.S.C. § 2, and punishable under 21 U.S.C.§ 960(b)(2).

## COUNT 6
### (21 U.S.C. §952, AIDING AND ABETTING THE IMPORTATION OF A CONTROLLED SUBSTANCE)

On or about November 17, 2016, in the Central Division of the District of Utah and elsewhere,

### AARON MICHAEL SHAMO, and
### SEAN MICHAEL GYGI,

defendants herein, did intentionally and knowingly import from the country of China into the United States 40 grams or more of a mixture and substance containing a detectable amount of Fentanyl (N-phenyl-N- [ 1- ( 2-phenylethyl ) -4-piperidinyl ] propanamide), a Schedule II controlled substance within the meaning of 21 U.S.C. § 812, and did aid and abet therein, all in violation of 21 U.S.C.§§ 952(a), 960, and 18 U.S.C. § 2, and punishable under 21 U.S.C.§ 960(b)(2).

## COUNT 7
(21 U.S.C. § 841(a)(1), POSSESSION OF FENTANYL WITH INTENT TO
DISTRIBUTE)
On or about November 22, 2016, in the Central Division of the District of Utah,

AARON MICHAEL SHAMO,

the defendant herein, did knowingly and intentionally possess with intent to distribute

four hundred grams or more of a mixture or substance containing a detectable amount of

Fentanyl (N-phenyl-N- [ 1- ( 2-phenylethyl ) -4-piperidinyl ] propanamide), a Schedule II

controlled substance within the meaning of 21 U.S.C. § 812; all in violation of 21 U.S.C.

§ 841(a)(1) and punishable pursuant to 21 U.S.C. § 841(b)(1)(A).


## COUNT 8
(21 U.S.C. § 841(a)(1), POSSESSION OF FENTANYL WITH INTENT TO
DISTRIBUTE)
On or about November 22, 2016, in the Central Division of the District of Utah,

ALEXANDRYA MARIE TONGE, and
KATHERINE LAUREN ANNE BUSTIN,

defendants herein, did knowingly and intentionally possess with intent to distribute four

hundred grams or more of a mixture or substance containing a detectable amount of

Fentanyl (N-phenyl-N- [ 1- ( 2-phenylethyl ) -4-piperidinyl ] propanamide), a Schedule II

controlled substance within the meaning of 21 U.S.C. § 812; all in violation of 21 U.S.C.

§ 841(a)(1) and punishable pursuant to 21 U.S.C. § 841(b)(1)(A).

## COUNT 9
### (21 U.S.C. § 841(a)(1), MANUFACTURE OF ALPRAZOLAM)

On or about November 22, 2016, in the Central Division of the District of Utah,

### AARON MICHAEL SHAMO,

the defendant herein, did knowingly and intentionally manufacture a mixture or substance

containing a detectable amount of Alprazolam, a Schedule IV controlled substance within

the meaning of 21 U.S.C. § 812; all in violation of 21 U.S.C. § 841(a)(1) and punishable

pursuant to 21 U.S.C. § 841(b)(2).

## COUNT 10
### (21 U.S.C. §§ 331(k) & 333(b)(7), KNOWING AND INTENTIONAL ADULTERATION OF DRUGS WHILE HELD FOR SALE

Beginning on a date unknown to the Grand Jury, but at least by February 3, 2016, and

continuing to at least November 22, 2016, in the Central Division of the District of Utah,

### AARON MICHAEL SHAMO,

defendant herein, knowingly and intentionally manufactured a drug and caused the

manufacture of a drug—specifically, round blue tablets debossed with "A 215" on the

bisected side—and offered those tablets for sale on the internet as "Oxycodone 30 mg."

Despite these representations, the defendant did not use Oxycodone at all in the

manufacturing process, but instead, substituted Fentanyl, a much more potent synthetic

opioid. These acts caused the drug to be adulterated as defined at 21 U.S.C. §§ 351(b)

and 351(d), and the adulteration had a reasonable probability of causing serious adverse

health consequences or death to humans. The manufacturing of these drugs was

performed after the component ingredients of the tablets had been shipped in interstate

commerce, from outside of Utah to Utah, and while the drugs were held for sale.  All this

was in violation of 21 U.S.C. §§ 331(k) and 333(b)(7) and is punishable pursuant to 21

U.S.C. § 333(b)(7).

**COUNT 11**
(21 U.S.C. §§ 331(k) & 333(b)(7), KNOWING AND INTENTIONAL
ADULTERATION OF DRUGS WHILE HELD FOR SALE)

Beginning on a date unknown to the Grand Jury, but at least by June 18, 2016, and

continuing to at least November 22, 2016, in the Central Division of the District of Utah,

AARON MICHAEL SHAMO,

defendant herein, knowingly and intentionally manufactured a drug and caused the

manufacture of a drug—specifically, round blue tablets with "M" on one side and a "30"

above a bisect on the other—and offered those tablets for sale on the internet as

"Oxycodone 30 mg."  Despite these representations, the defendant did not use

Oxycodone at all in the manufacturing process, but instead, substituted Fentanyl, a much

more potent synthetic opioid.  These acts caused the drug to be adulterated as defined at

21 U.S.C. §§ 351(b) and 351(d), and the adulteration had a reasonable probability of

causing serious adverse health consequences or death to humans.   The manufacturing of

these drugs was performed after the component ingredients of the tablets had been

shipped in interstate commerce, from outside of Utah to Utah, and while the drugs were

held for sale.  All this was in violation of 21 U.S.C. §§ 331(k) and 333(b)(7) and is

punishable pursuant to 21 U.S.C. § 333(b)(7).

## COUNT 12
### (21 U.S.C. § 843(b), USE OF THE U.S. MAIL IN FURTHERANCE OF A DRUG TRAFFICKING OFFENSE)

On or about September 12-23, 2016, in the Central Division of the District of Utah,

> AARON MICHAEL SHAMO,
> ALEXANDRYA MARIE TONGE,
> KATHERINE LAUREN ANNE BUSTIN, and
> SEAN MICHAEL GYGI,

the defendants herein, did knowingly and intentionally use a communication facility, the

U.S. Mail, in facilitating the commission of any act constituting a felony under Title 21,

United States Code, Section 841(a)(1), that is, distribution of a controlled substance; and

did aid and abet therein, all in violation of Title 21, United States Code, Section 843(b)

and Title 18, United States Code, Section 843(b). Specifically, a package containing

Alprazolam tablets and which listed a false return address was sent through the U.S. Mail,

but was returned by the postal service to the false return address in the date range listed

above. T.M., who resided at the address listed on the false return address, received the

package of Alprazolam tablets.

## COUNT 13
### (18 U.S.C. § 1956(h), CONSPIRACY TO COMMIT MONEY LAUNDERING)

Beginning on a date unknown to the Grand Jury, but at least by December 22,

2015, and continuing to at least November 22, 2016, in the Central Division of the District

of Utah and elsewhere,

> AARON MICHAEL SHAMO,
> DREW WILSON CRANDALL,
> ALEXANDRYA MARIE TONGE, and

KATHERINE LAUREN ANNE BUSTIN,

defendants herein, did knowingly combine, conspire, confederate and agree with each

other and with other persons, both known and unknown to the Grand Jury, to knowingly

conduct and attempt to conduct a financial transaction affecting interstate and foreign

commerce, to wit, wire transfers, bank deposits, electronic funds transfers, automated

clearing house payments, and the interstate movement of cash, which involved the

proceeds of a specified unlawful activity, that is, the distribution of a controlled substance

in violation of 21 U.S.C. § 841(a)(1), with the intent to promote, conceal, and disguise the

carrying on of specified unlawful activity, that is, distribution of a controlled substance,

and that while conducting and attempting to conduct such financial transactions knew that

the property involved in the financial transactions represented the proceeds of some form

of unlawful activity in violation of 18 U.S.C. § 1956(a)(1)(A)(i) and (a)(1)(B)(i); all in

violation of 18 U.S.C. §1956(h).

## **COUNT 14**
(18 U.S.C. § 1956(a)(1)(B)(i), MONEY LAUNDERING CONCEALMENT)

On or about November 8, 2016, in the Central Division of the District of Utah,

AARON MICHAEL SHAMO,

defendant herein, did knowingly conduct and attempt to conduct a financial transaction

affecting interstate commerce, to wit a bank deposit, which involved the proceeds of a

specified unlawful activity, that is the distribution of a controlled substance, with the

intent to conceal the nature, source, location, ownership, and control of the proceeds of

the specified unlawful activity, to wit: distribution of a controlled substance in violation

of 21 U.S.C. § 841(a)(1); and that while conducting and attempting to conduct such financial transaction knew that the property involved in the financial transaction represented the proceeds of some form of unlawful activity; all in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i).

## COUNT 15
### (18 U.S.C. § 1957(a), ENGAGING IN MONETARY TRANSACTIONS IN PROPERTY DERIVED FROM SPECIFIED UNLAWFUL ACTIVITY)

On or about May 5, 2016, in the Central Division of the District of Utah,

### AARON MICHAEL SHAMO,

defendant herein, did knowingly engage and attempt to engage in a monetary transaction by, through, or to a financial institution, affecting interstate commerce, in criminally derived property of a value greater than $10,000, that is, issue a personal check, such property having been derived from a specified unlawful activity, that is, distribution of a controlled substance in violation of 21 U.S.C. § 841(a)(1); all in violation of Title 18, United States Codes, Sections 1957(a).

## NOTICE OF INTENTION TO SEEK CRIMINAL FORFEITURE

Pursuant to 21 U.S.C. § 853, upon conviction of any offense in violation of 21 U.S.C. §§ 841, 846, 848, and/or 952, as set forth in this indictment, the defendant shall forfeit to the United States of America any property constituting, or derived from, any proceeds obtained, directly or indirectly, as the result of such offenses and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the

commission of, the offenses. The property to be forfeited includes, but is not limited to, the following:

## CURRENCY

- $1,227,773.00 in United States Currency

- $19,520.00 in United States Currency

- $429,600.00 in United States Currency

## AUTOMOBILES

- A 2011 Ford F-350 pickup, VIN#1FT8W3BT7BEC88017

- A 2008 BMW 135i, VIN#WBAUC73508VF25535

## MISCELLANEOUS

- The pill press seized from the garage at Aaron SHAMO's residence on Titian Way.

  Here is a photo:



- The following dies/punches:

| Item | Punch Embossing | Comparison Tablet(s) Available | Comparison Tablet(s) Items |
|---|---|---|---|
| Item 20 A1 | GG 2 4 9  (w/ ¾ cores) | YES | 14, 15, 16, 17, 18, 19 |
| Item 20 A2 | GG 2 4 9  (w/ ¾ cores) | YES | 14, 15, 16, 17, 18, 19 |
| Item 20 A3 | (Slug – not a tablet punch) | NO | NOT APPLICABLE |
| Item 20 B1 | 2  (w/ ¾ cores) | NO | NOT AVAILABLE |
| Item 20 B2 | 2  (w/ ¾ cores) | NO | NOT AVAILABLE |
| Item 20 B3 | 2  (w/ ¾ cores) | NO | NOT AVAILABLE |
| Item 20 B4 | 2  (w/ ¾ cores) | NO | NOT AVAILABLE |
| Item 20 B5 | X A N A X  (w/ ¾ cores) | NO | NOT AVAILABLE |
| Item 20 B6 | X A N A X  (w/ ¾ cores) | NO | NOT AVAILABLE |
| Item 20 B7 | X A N A X  (w/ ¾ cores) | NO | NOT AVAILABLE |
| Item 20 B8 | X A N A X  (w/ ¾ cores) | NO | NOT AVAILABLE |
| Item 20 B9 | 10/325 | NO | NOT AVAILABLE |
| Item 20 B10 | X A N A X  (w/ ¾ cores) | NO | NOT AVAILABLE |
| Item 20 B11 | 2  (w/ ¾ cores) | NO | NOT AVAILABLE |
| Item 20 B12 | M523 | NO | NOT AVAILABLE |
| Item 20 B13 | M523 | NO | NOT AVAILABLE |
| Item 20 B14 | M523 | NO | NOT AVAILABLE |
| Item 20 B15 | M523 | NO | NOT AVAILABLE |
| Item 20 | M523 | NO | NOT AVAILABLE |

| B16 | | | |
|---|---|---|---|
| Item 20 B17 | 10/325 | NO | NOT AVAILABLE |
| Item 20 B18 | 10/325 | NO | NOT AVAILABLE |
| Item 20 B19 | 10/325 | NO | NOT AVAILABLE |
| Item 20 B20 | 10/325 | NO | NOT AVAILABLE |
| Item 20 B21 | R 0 3 9   (w/ ¾ cores) | NO | NOT AVAILABLE |
| | | | |
| Item 20 | 10 metal die with oval shaped through holes | No Analyses Performed | No Analyses Performed |
| | | | |
| Item 21 A1 | M (enclosed in a square) | YES | 6, 8, 9, 10, 12, 13 |
| Item 21 A2 | M (enclosed in a square) | YES | 6, 8, 9, 10, 12, 13 |
| Item 21 A3 | M (enclosed in a square) | YES | 6, 8, 9, 10, 12, 13 |
| Item 21 A4 | M (enclosed in a square) | YES | 6, 8, 9, 10, 12, 13 |
| Item 21 A5 | M (enclosed in a square) | YES | 6, 8, 9, 10, 12, 13 |
| Item 21 A6 | M (enclosed in a square) | YES | 6, 8, 9, 10, 12, 13 |
| Item 21 A7 | M (enclosed in a square) | YES | 6, 8, 9, 10, 12, 13 |
| Item 21 A8 | M (enclosed in a square) | YES | 6, 8, 9, 10, 12, 13 |
| Item 21 A9 | M (enclosed in a square) | YES | 6, 8, 9, 10, 12, 13 |
| | | | |
| Item 22 A1 | GG 2 4 9   (w/ ¾ cores) | YES | 14, 15, 16, 17, 18, 19 |
| Item 22 A2 | GG 2 4 9   (w/ ¾ cores) | YES | 14, 15, 16, 17, 18, 19 |
| Item 22 A3 | GG 2 4 9   (w/ ¾ cores) | YES | 14, 15, 16, 17, 18, 19 |
| Item 22 | GG 2 4 9   (w/ ¾ | YES | 14, 15, 16, 17, 18, |

| A4 | cores) | | 19 |
|---|---|---|---|
| Item 22 A5 | GG 2 4 9   (w/ ¾ cores) | YES | 14, 15, 16, 17, 18, 19 |
| Item 22 A6 | GG 2 4 9   (w/ ¾ cores) | YES | 14, 15, 16, 17, 18, 19 |
| Item 22 A7 | GG 2 4 9   (w/ ¾ cores) | YES | 14, 15, 16, 17, 18, 19 |
| Item 22 A8 | GG 2 4 9   (w/ ¾ cores) | YES | 14, 15, 16, 17, 18, 19 |

## MONEY JUDGMENT

- A MONEY JUDGMENT equal to the value of any proceeds obtained, directly or indirectly, as the result of such offenses and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, the offenses.

Pursuant to 18 U.S.C. § 982(a)(1), upon conviction of any offense in violation of 18 U.S.C. §§ 1956 and/or 1957, the defendants shall forfeit to the United States of America any property, real or personal, involved in such violations, and any property traceable to such property.  The property to be forfeited includes, but is not limited to the following:

- A MONEY JUDGMENT equal to the value of all property involved in the money laundering and any property traceable to such property.

If more than one defendant is convicted of an offense, the defendants so convicted shall be jointly and severally liable for the forfeiture related to such offense.

## SUBSTITUTE ASSETS

If any of the property described above, as a result of any act or omission of the defendants:

a.  cannot be located upon the exercise of due diligence;

b.  has been transferred or sold to, or deposited with, a third party;

c.  has been placed beyond the jurisdiction of the court;

d.  has been substantially diminished in value; or

has been commingled with other property which cannot be divided without difficulty, the United States of America shall be entitled to forfeiture of substitute property pursuant to 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c).

A TRUE BILL:

_____/S/_____
FOREPERSON OF GRAND JURY

JOHN W. HUBER
United States Attorney

_____
MICHAEL GADD,
Special Assistant United States Attorney
VERNON STEJSKAL,
Assistant United States Attorney