IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | Case No. 2:16-cr-00631-DAK |
| Plaintiff, | : | |
| vs. | : | ORDER GRANTING MOTION FOR PROTECTIVE ORDER |
| AARON MICHAEL SHAMO, DREW WILSON CRANDALL, ALEXANDRYA MARIE TONGE, KATHERINE LAUREN ANNE BUSTIN, MARIO ANTHONY NOBLE, and SEAN MICHAEL GYGI, Defendants. | : : | Judge Dale A. Kimball Magistrate Judge Evelyn J. Furse |

The Court, having considered the Stipulated Motion for a Protective Order, and good cause appearing, finds that a protective order is necessary and appropriate in this case to prevent harmful disclosure of the personal identifying information, bank records, and tax information of various individuals, while still preserving the defendants' right to a fair trial and meaningful discovery. Pursuant to the Court's authority under Federal Rule of Criminal Procedure 16(d)(l), it is hereby ordered:

1.  The United States is hereby ordered to provide to the defendants' attorneys with copies of the discovery in this matter, including documents and other materials that contain the personal identifying information of third parties.

2.  The discovery materials produced to the defendants' attorneys shall not be

disclosed or made available for inspection or copying to any person, other than as permitted in Paragraph 3.

3. Discovery materials provided to the defendants' attorneys pursuant to this order may be further disclosed to the following people: (a) counsel for the defendants; (b) associates, secretaries, paralegals, private investigators, forensic accountants, experts, and other employees or independent contractors of such attorneys to the extent necessary to render professional services in this criminal prosecution; (c) court officials involved in this case; and (d) the defendants themselves while supervised by their attorney if they are in custody.

4. Persons obtaining access to the discovery materials produced pursuant to this order shall use the information only for the preparation and conducting of this criminal trial, and any connected hearings, collateral proceedings, or appeals.

5. Defendants, their attorneys, and all other individuals or entities who receive materials in this case are prohibited from directly or indirectly providing access to, or otherwise disclosing the contents of these materials to anyone not working on the defense of this criminal case, or otherwise making use of the materials in a manner unrelated to the defense of this criminal case. Authorized use of materials related to the defense of this criminal case shall include showing and discussing such materials with government and defense witnesses.

6. Defendants, their attorneys, and all other individuals or entities who receive materials in this case shall maintain all materials received from the government in a manner consistent with the terms of this protective order. Materials produced to the defense shall be stored in a secure manner by defense counsel in boxes, files or folders marked "UNDER PROTECTIVE ORDER- DO NOT DISCLOSE." Electronic materials produced to the defense and printouts obtained from electronic materials shall be handled in the same manner.

7. Defendants and their attorneys are required to give a copy of this protective order to all individuals or entities engaged or consulted by defense counsel in preparation of trial in this case. A knowing and willful violation of this protective order by the defendants, their attorneys, or others may result in contempt of court proceeding or other civil or criminal sanctions.

8. Within 90 days of the conclusion of this case, all discovery materials produced pursuant to this order, and all copies thereof (other than exhibits of the court) shall be returned to the United States Attorney's Office. Alternatively, counsel for the defendants may inform the United States Attorney's Office in writing that all such copies have been destroyed.

9. Counsel for the defendants is responsible for employing reasonable measures to control duplication of, and access to, the discovery materials.

10. The provisions of this order governing disclosure and use of the discovery materials shall not terminate at the conclusion of this criminal prosecution.

DATED this 15th day of June, 2017.

BY THE COURT:

_____
EVELYN J. FURSE
United States Magistrate Judge