JOHN W. HUBER, United States Attorney (#7226)
VERNON STEJSKAL, Assistant United States Attorney (#8434)
MICHAEL GADD, Special Assistant United States Attorney (#13704)
ADAM S. ELGGREN, Assistant United States Attorney (#11064)
Attorneys for the United States of America
111 South Main Street, Suite 1800, Salt Lake City, Utah 84111
Tel: (801) 524-5682
Michael.gadd@usdoj.gov

---

## IN THE UNITED STATES DISTRICT COURT

### DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> vs. <br><br> AARON MICHAEL SHAMO, *et al*, <br><br> Defendants. | Case No. 2:16CR00631 DAK <br><br><br> STIPULATED MOTION FOR INTERLOCUTORY SALE <br><br><br><br> District Judge Dale A. Kimball <br> Magistrate Judge Paul M. Warner |

The United States of America hereby moves for an order authorizing the immediate

interlocutory sale of the following assets:

- 2011 Ford F-350 pickup, VIN: 1FT8W3BT7BEC88017

- 2008 BMW 135i, VIN: WBAUC73508VF25535

- 513.1490393 Bitcoin (BTC)[1] as follows:

    - 0.00609383
    - 235.6473188
    - 18.19296081

---

[1] Seizing the cryptocurrencies resulted in a series of small transaction fees, which occur in the normal course of business, and which were taken from the seized cryptocurrencies by the wallets (and the companies that created the wallets) in which the cryptocurrencies were and are held.

Page **1** of 7

- 90.71193331
- 69.74549222
- 17.13612808
- 82.01091354
- 0.573095

- 512.9274588 Bitcoin Cash (BCH) as follows:

  - 0.00609383
  - 235.6473188
  - 18.19296081
  - 90.71193331
  - 69.74549222
  - 17.13612808
  - 82.01091354
  - 0.573095

This motion is made pursuant to Rule 32.2(b)(7), Federal Rules of Criminal Procedure and Rule G(7)(b) he Supplemental Rules for Certain Admiralty and Maritime Claims and Asset Forfeiture Actions.

## FACTS

1.   On or about December 7, 2016, a federal grand jury sitting in the District of Utah, returned an Indictment[2] charging the Defendant, Aaron Michael Shamo (hereafter, "Shamo"), charging him with violations of 21 U.S.C. § 841(a)(1) (possession of fentanyl with intent to distribute).

2.   The Court has jurisdiction over this proceeding under 28 U.S.C. § 1355.  The United States sought forfeiture pursuant to 21 U.S.C. § 853.

3.   On April 26, 2017, the United States filed its First Bill of Particulars[3] listing

---

[2] *See* ECF No. 11.
[3] *See* ECF No. 26.

additional assets the United States has identified and seized as forfeitable property.

4.   On or about May 31, 2017, a grand jury returned a Superseding Indictment[4] charging the Defendants, Shamo, Drew Wilson Crandall, Alexandrya Marie Tonge, Katherine Lauren Anne Bustin, Mario Anthony Noble, and Sean Michael Gygi with violations of 21 U.S.C. § 848 (continuing criminal enterprise), 21 U.S.C. § 846 (conspiracy to distribute a controlled substance), 21 U.S.C. § 952 (aiding and abetting the importation of a controlled substance), 21 U.S.C. § 841(a)(1) (possession of fentanyl with intent to distribute), 21 U.S.C. § 841(a)(1) (manufacture of alprazolam), 21 U.S.C. §§ 331(k) and 333(b)(7) (knowing and intentional adulteration of drugs while held for sale), 21 U.S.C. § 843(b) (use of the U.S. mail in furtherance of a drug trafficking offense), 18 U.S.C. § 1956(h) (conspiracy to commit money laundering), 18 U.S.C. § 1957(a) (engaging in monetary transaction in property derived from specified unlawful activity), and 18 U.S.C. § 1956(a)(1)(A)(i) (money laundering concealment).

5.   The United States sought forfeiture in the Superseding Indictment pursuant to 21 U.S.C. § 853, 18 U.S.C. § 982(a)(1) and 28 U.S.C. § 2461(c).

6.   On December 12, 2017, the United States filed its Second Bill of Particulars[5] listing additional assets the United States has identified and seized as forfeitable property.

## APPLICABLE LAW AND PROCEDURE

When certain conditions are present, the court has authority under the following statutory provisions to order an interlocutory sale of property that is subject to criminal forfeiture prior to a final adjudication on the Government's forfeiture action.

---

[4] *See* ECF No. 32.
[5] *See* ECF No. 83.

Rule 32.2(b)(7) allows that "[a]t any time before the entry of a final order of forfeiture, the Court, in accordance with Supplemental Rule G(7) of the Federal Rules of Civil Procedure, may order the interlocutory sale of any property alleged to be forfeitable."

Supplemental Rule G(7)(b)[6] provides:

(b)   <u>Interlocutory Sale or Delivery</u>

(i)   <u>Order to Sell.</u> On motion by a party or a person having custody of the property, the court may order all or party of the property sold if:

(A) The property is perishable or at risk of deterioration, decay, or injury by being detained in custody pending the action;

(B) The expense of keeping the property is excessive or is disproportionate to its fair market value;

(C) The property is subject to a mortgage or to taxes on which the owner is in default; or

(D) The court finds other good cause.

The vehicles have been seized and are in the custody and control of the United States Marshals Service.  Every month, the USMS is accruing $465/month in storage fees for these vehicles.  The total expenses for these two vehicles currently is $5,010.70.

The BTC and BCH have been transferred to a Government wallet.  Due to the volatile market for cryptocurrencies, the BTC and BCH risk losing value during the pendency of the forfeiture proceedings.

---

[6] The Fed. R. Crim. P. Rule 32.2(b)(7) allows the provision of the Supplemental Rules from the Fed. R. Civ. P. to be incorporated by cross-reference.  This allows for interlocutory sales to be governed by Supp. Rule G bringing the practice under Criminal Rules into conformity with the Civil Rules.  The Supplemental Rules are applicable to civil forfeiture proceedings pursuant to 28 U.S.C. § 2461(b).

The costs of storing and maintaining these items during the pendency of the sentencing and forfeiture proceedings may significantly reduce the funds available from their sale.

Supplemental Rule G(7)(b) provides that a court may order the interlocutory sale of all or part of the property subject to a pending asset forfeiture proceeding if (among other reasons) the Court finds that there is good cause for the sale.  Fed. R. Civ. P. Supp. Rule G(7)(b)(i).  The sale must be made by agency of the United States with authority to sell the property, by the agency's contractor, or by any person that the court designates.  Rule G(7)(b)(ii).  If the sale is uncontested such as here, the parties, with the court's approval, may agree to the procedures and conditions of the sale.  Rule G(7)(b)(iii).

The proceeds from any sale will be a "substitute res" that will be subject to forfeiture in the place of the properties that are sold.  The proceeds must be held in an interest-bearing account maintained by the United States pending the conclusion of the forfeiture action.  Rule G(7)(b)(iv).

Here, there is good cause for the sale because each of the vehicles are accruing monthly payments of storage and maintenance fees—which would total several hundred dollars a month for the vehicles—during the pendency of the sentencing and forfeiture proceedings would significantly reduce the value received for these items.

Due to the volatile market for cryptocurrencies, the parties recognize that BTC and BCH risk losing value during the pendency of the forfeiture proceedings.  For these reasons, the United States seeks an interlocutory sale.

Upon an order from the Court, the seized vehicles will be sold by the United States Marshals Service at an auction by the sales contractor hired by the USMS.  The United States reserves the right, in its sole discretion, to reject any offer to purchase the assets where it determines that the offer is being made by, or on behalf of, any of the Defendants, relatives or friends of the Defendants, or any other person involved in the criminal activity that gives rise to the forfeiture of the vehicles.  The proceeds of the vehicles are to be disbursed as follows:

    a.  First, all costs of the sale, including but not limited to closing costs and any sales fees or commissions associated with the sale of the assets;

    b.  Second, all costs not previously paid that were incurred by the United States, its agencies or contractors in connection with the storage, maintenance, repair, marketing, and sale of the assets;

    c.  Third, payment of any liens on the assets;

    d.  Fourth, all remaining proceeds from the sale will be subject to forfeiture proceedings as a substitute res for the assets identified above, and forfeiture proceedings with respect to these assets will continue with the substitute res as if they were the assets that have been sold.

Upon an order from the Court, the above-identified BTC and BCH will be sold/converted into US Dollars using one or more commercial cryptocurrency exchanges chosen at the discretion of the United States. To guard against loss due to fraud or error, the United States will transfer the cryptocurrency to the exchanges in increments of less than or equal to 50 coins. The parties all accept that there are inherent risks to conducting transactions in cryptocurrencies, and

the parties agree to hold harmless the agents and agencies engaging in the transactions in a good-faith effort to fulfill the purpose of this stipulated motion.

The commercial exchanges charge a fee for conducting transactions. Those fees will be subtracted from the value of the seized cryptocurrencies. Sale proceeds—in US Dollars—of the BTC and BCH will be deposited into the Treasury Forfeiture Fund Suspense account.

## STIPULATION

Counsel for the United States has conferred with counsel for each of the defendants in this case. Each defendant, through his or her counsel, stipulates to this motion and the form and content of the proposed order.

## CONCLUSION

For these reasons, the United States respectfully requests that the court enter an order authorizing the interlocutory sale of the property described in this motion.  A proposed form of the order accompanies this motion.

Dated this 12th day of December, 2017.

JOHN W. HUBER
United States Attorney

/s/ Michael Gadd
MICHAEL GADD
Special Assistant United States Attorney