JOHN W. HUBER, United States Attorney (#7226)
VERNON STEJSKAL, Assistant United States Attorney (#8434)
MICHAEL GADD, Special Assistant United States Attorney (#13704)
CY H. CASTLE, Assistant United States Attorney (#04808)
Attorneys for the United States of America
111 South Main Street, Suite 1800, Salt Lake City, Utah 84111
Tel: (801) 524-5682 | Fax: (801) 325-3310 | cy.castle@usdoj.gov

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>AARON MICHAEL SHAMO,<br><br>Defendant. | Case No. 2:16CR00631-DAK<br><br>FOURTH BILL OF PARTICULARS<br><br>Judge Dale A. Kimball |

The United States of America, through counsel, hereby files the following Fourth Bill of Particulars for Forfeiture of Property, which supersedes and replaces the notice of intent to seek forfeiture in the Second Superseding Indictment (ECF No. 136).

**NOTICE OF INTENTION TO SEEK CRIMINAL FORFEITURE**

Pursuant to 21 U.S. C. § 853(a), upon conviction of any offense in violation of 21 U.S.C. §§ 841, 843, 848, and/or 952, as set forth in the Second Superseding Indictment, the defendant shall forfeit to the United States of America any property constituting, or derived from, any proceeds obtained, directly or indirectly, as the result of such offenses; any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, the offenses; and in the case of conviction of engaging in a continuing criminal enterprise in violation of Section 848, the defendant shall also forfeit, in addition to any property falling

within the previously described categories, any of his interest in, claims against, and property or contractual rights affording a source of control over, the continuing criminal enterprise. The property to be forfeited includes, but is not limited to, the following:

- $5,357,950.38 in United States Currency, the proceeds of the sale of 513.15 Bitcoin;
- $1,227,773.00 in U.S. Currency;
- $671,030 in U.S. Currency;
- $134,960 in U.S. Currency;
- $10,096.20 in U.S. Currency;
- 512.93 Bitcoin Cash (BCH);
- 513.15 Bitcoin Gold (BTG);
- 33.8211 Bitcoin (BTC);
- $30,250 as a substitute res for a 2011 Ford F-350 pickup, VIN: 1FT8W3BT7BEC88017 sold pursuant to an interlocutory sale order;
- $6,400 as a substitute res for a 2008 BMW 135i, VIN: WBAUC73508VF25535 sold pursuant to an interlocutory sale order;
- Four 100-ounce Silver Bars
- Industrial Large Pill Press and Associated Pill Dyes;
- The following holdings in Aaron Shamo's E-Trade Securities LLC account ending in 4068:
    - $14,564.57 in U.S. Currency
    - Shares of Stock:

| Stock | Number of Shares Subject to Forfeiture |
|---|---|
| Molecular Templates, Inc. | 272 shares |
| Marvell Technology Group LTD | 100 shares |
| HealthEquity, Inc | 32 shares |
| Nike, Inc | 100 shares |
| Amazon.com, Inc | 7 shares |
| Apple, Inc. | 75 shares |
| Alphabet, Inc. | 6 shares |

- o Any dividends received into the cash account and related to Marvell Technology Group LTD, Nike, Inc, and/or Apple, Inc stocks after November 26, 2018.
- o The entire balance of the Northern Stock Index Fund mutual fund.

- A MONEY JUDGMENT equal to the value of 1) any proceeds obtained, directly or indirectly, as the result of such offenses; 2) any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, the offenses; and 3) in the case of conviction of engaging in a continuing criminal enterprise in violation of Section 848, also any of the defendant's interest in, claims against, and property or contractual rights affording a source of control over, the continuing criminal enterprise; and not available for forfeiture for one or more the reasons specified in 21 U.S.C. § 853(p).

Pursuant to 18 U.S.C. § 982(a)(1), upon conviction of any offense in violation of 18 U.S.C. §§ 1956 and/or 1957, the defendants shall forfeit to the United States of America any property, real or personal, involved in such violations, and any property traceable to such property. The property to be forfeited includes, but is not limited to the following:

- A MONEY JUDGMENT equal to the value of all property involved in each money laundering offense and any property traceable to such property and not available for forfeiture for one or more the reasons specified in 21 U.S.C. § 853(p) as a result of any act or omission of the defendant(s).

## SUBSTITUTE ASSETS

If any of the property described above, as a result of any act or omission of the defendants:

a. Cannot be located upon the exercise of due diligence;

b. Has been transferred or sold to, or deposited with, a third party;

c. Has been placed beyond the jurisdiction of the court;

d. Has been substantially diminished in value; or

e. Has been commingled with other property, which cannot be divided without difficulty.

The United States of America shall be entitled to forfeiture of substitute property pursuant to 21 U.S.C. § 853(p) and 18 U.S.C. § 982(b).

Respectfully submitted,

JOHN W. HUBER
United States Attorney


  */s/ Cy H. Castle*
Cy H. Castle
Assistant U.S. Attorney