IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>DREW WILSON CRANDALL,<br><br>Defendant. | **ORDER DENYING DEFENDANT'S RENEWED MOTION FOR DETENTION REVIEW**<br><br>Case No. 2:16 CR 631<br><br>Judge Dale A. Kimball<br><br>Magistrate Judge Dustin Pead |

BACKGROUND

Before the court is Defendant Drew Wilson Crandall's (Defendant) "Renewed Motion for Detention Review" (Motion) (ECF No. 336).  Defendant, who has been detained since May 2017, seeks release pending sentencing based on a number of factors, including among other things, his (1) entry of guilty pleas in October 2018, (2) cooperative testimony in the ongoing case against a co-defendant in August 2019, (3) claim that the government's view of his relative culpability has been undermined and (4) concerns regarding present circumstances, including the existence of a COVID-19 pandemic, and how such will likely delay sentencing in his case.  (*Id*.)  Specifically regarding the pandemic, defendant argues there are "clear health and safety concerns unique to county jail facilities…to include the serious concerns raised by close quarters, a lack of adequate medical care, and the continual rotation of inmates." (*Id*.) The government opposes the motion, arguing the defendant cannot meet the requisite standard set forth in 18 U.S.C. § 3143(a)(2). (ECF No. 340.)

ANALYSIS

As the government notes in its opposition, to secure release pending sentencing, the defendant must meet the criteria described at 18 U.S.C. § 3143(a)(2). Because of his guilty pleas to Counts 2, 3, and 13 of the Superseding Indictment (including Conspiracy to Distribute Fentanyl, Alprazolam, and Commit Money Laundering, respectively) (ECF No. 134), and most relevantly Count 2, he must show two things; first, "that an attorney for the Government has recommended that no sentence of imprisonment be imposed on [him]" and, second, "by clear and convincing evidence that [he] is not likely to flee or pose a danger to any other person or the community." 18 U.S.C. § 3143(a)(2).

As it relates to the first prong, it is clear from its opposition to the instant motion that the governments intends to seek an additional term of imprisonment (ECF No. 140) (noting "The United States intends to ask the District Court to send the defendant to prison."). Defendant cannot thereby qualify for release on this basis alone. *See* 18 U.S.C. § 3143(a)(2)(A)(ii).

Next, while there is conflict between the parties regarding the precise roles defendant played over the course of the conspiracy, two separate judicial officers have found that defendant is an unmanageable risk, precluding release (ECF No. 8, 80). Upon review of a Magistrate Judge's detention order from another district, Judge Kimball specifically found defendant had "not rebutted the presumption that he remain detained pending trial" based on the serious natures of the charges, the weight of the evidence being strong, and the substantial prison sentence that awaits him if convicted. (ECF No 80.) Judge Kimball found it to be relevant that the charges involved a "large-scale criminal enterprise [existing] for over a year," that the defendant engaged in the same while traveling abroad and "took steps to obstruct the investigation into the operation when [co-defendant] Shamo was arrested." (*Id.*) Judge Kimball affirmed his detention (1) despite

"the defendant's parents' law-abiding conduct" which, he concluded, "is not transferrable to Defendant," and based on (2) the defendant's "ability to engage in operations or communications on the internet and dark web, which would be difficult for his parents to monitor" particularly in light of the defendant having "a history of keeping information from [them]," including evidence that despite claims to his family that he intended to cooperate with the government, he "shut down accounts and obstructed the government's investigation into the operation that same day." (*Id*.)

It is true that defendant has cooperated in this matter and even testified at a trial against a co-defendant. And the government does not appear to contest the claim that he has testified truthfully. Yet, he has plead guilty to serious counts and while this court would not presume to venture what sentence awaits him, it appears to remain a potentially substantial one. And while he asserts he could (and would) rely on the goodwill of his parents, the risk of flight, this court concludes, therefore remains very real and tangible and for the same reasons already articulated by other judges prior to his plea.

Lastly, to the extent defendant argues that COVID-19 is a compelling or exceptional reason for his release, the court is not persuaded. The court appreciates the challenging and evolving nature of the pandemic and is concerned with the health of those who are incarcerated. Yet, defendant does not suggest, let alone provide evidence of, any particular vulnerability his health poses. Nor does he argue any existing remedy and treatment plans of the facility at which he is housed, even assuming it is required, would be inadequate. And in-person supervision of those released by pretrial services is, as the government sets forth in its opposition, curtailed. This, the court concludes, amplifies the concerns about risk of flight. Finally, the government appears amenable to the defendant being sentenced sooner rather than later, which could result in

less time remaining within this district, albeit recognizing in-person hearings remain a challenge too.

CONCLUSION

For the reasons set forth above, the defendant's Renewed Motion for Detention Review (ECF No. 336) is DENIED.

DATED this 7th Day of April, 2020.

_____
Magistrate Judge Dustin Pead
United States District Court for the District of Utah