JOHN W. HUBER, United States Attorney (#7226)
KENT A. BURGGRAAF, Special Assistant United States Attorney (#13044)
MICHAEL GADD, Special Assistant United States Attorney (#13704)
Attorneys for the United States of America
Office of the United States Attorney
111 South Main Street, Suite 1800
Salt Lake City, Utah 84111-2176
Telephone: (801) 524-5682

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>AARON MICHAEL SHAMO,<br>DREW WILSON CRANDALL,<br>ALEXANDRYA MARIE TONGE,<br>KATHERINE LAUREN ANNE BUSTIN,<br>MARIO ANTHONY NOBLE, and<br>SEAN MICHAEL GYGI,<br><br>　　　　Defendants. | Case No. 2:16-CR-00631-DAK<br><br>STIPULATED MOTION TO TRANSFER A RELATED CASE<br><br>Judge Dale A. Kimball |

　　　　The United States of America, by and through Kent A. Burggraaf, Special Assistant United States Attorney, hereby moves the Court to transfer case 2:19-cr-00381-JNP to the Court pursuant to local rule as the Court has been assigned three lower-numbered, related cases.

STATEMENT OF FACTS

　　1.　On May 31, 2017, the Grand Jury returned a Superseding Indictment against Aaron Michael Shamo, Drew Wilson Crandall, Alexandrya Marie Tonge, Katherine Lauren Anne Bustin, Mario Anthony Noble, and Sean Michael Gygi in the above captioned case 2:16-cr-631 DAK.

　　2.　On April 25, 2018, the Grand Jury returned a Felony Information against Jonathan Luke Paz case 2:18-cr-00031 DAK.

3. On July 10, 2019, the Grand Jury returned a Felony Information against Ana Gabriela Noriega 2:19-cr-00263 DAK.

4. On October 9, 2019, the Grand Jury returned a two-count Indictment against Christopher Sean Kenny 2:19-cr-00381 JNP. Mr. Kenny was a co-conspirator with several of the defendants named in 2:16-cr-00631 DAK, 2:18-cr-00231 DAK, and 2:19-cr-00263 DAK. Mr. Kenny's first charge, Conspiracy to Distribute Fentanyl, and second charge, Engaging in a Monetary Transaction in Property Derived from Specified Unlawful Activity, correspond to charges faced by several of his coconspirators who were charged in 2:16-cr-631 DAK, 2:18-cr-00231 DAK, and 2:19-CR-00263 DAK. The discovery for Mr. Kenny's case includes the discovery from 2:16-cr-00631 DAK, 2:18-cr-00231 DAK, and 2:19-cr-00263 DAK.

5. At the trial against Aaron Michael Shamo (2:16-cr-00631 DAK), in August 2019, multiple witnesses/co-conspirators gave testimony that incriminated Mr. Kenny.

6. On October 9, 2019, Mr. Kenny was indicted in a two-count indictment. The matter was assigned to Judge Jill N. Parrish (2:19-cr-00381).

7. Under the circumstances, Judge Kimball is the best position to determine the proper sentence of Mr. Kenny, should he be convicted, because of Mr. Kenny's alleged involvement in Mr. Shamo's criminal activities.

8. On October 10, 2019, Mr. Kenny was arraigned and ordered released pending trial.

9. Mr. Walter F. Bugden represents Mr. Kenny.

10. Mr. Bugden and counsel for the United States have conferred and stipulated to this matter being reassigned to Judge Dale A. Kimball.

## ARGUMENT

The United States has been unable to find a criminal procedure rule that directly governs the transfer of a related case and humbly suggests that a local rule, DUCivR 83-2(g), be applied by the Court in deciding this motion. That rule reads as follows:

> **(g) Transfer of Related Case[FN].**
>
> Whenever two or more related cases are pending before different judges of this court, any party to the later-filed case may file a motion and proposed order to transfer the case to the judge with the lower-numbered case. To determine whether the case should be transferred, the court may consider the following factors:
>
>> (1) Whether the cases arise from the same or a closely related transaction or event;
>> (2) Whether the cases involve substantially the same parties or property;
>> (3) Whether the cases involve the same patent, trademark, or copyright;
>> (4) Whether the cases call for a determination of the same or substantially related questions of law and fact;
>> (5) Whether the cases would entail substantial duplication of labor or unnecessary court costs or delay if heard by different judges; and
>> (6) Whether there is risk of inconsistent verdicts or outcomes;
>> (7) Whether the motion has been brought for an improper purpose.
>
> The motion to transfer shall be filed in the lower-numbered related case, and a notice of the motion shall be filed in case in which transfer is sought. While the motion shall be decided by the judge assigned to the lower-numbered case, judges assigned to the cases will confer about the appropriateness of the requested transfer. The transfer of cases may also be addressed sua sponte by the court.
>
> (Footnote: If a case is transferred to another judge with a similar case, the transferred case will remain a separate case with its own docket and scheduling order. If consolidation-rather than transfer-is sought, please see DUCivR 42-1.)

By seeking to place Mr. Kenny's cases in front of the Court, the United States hopes to avoid (1) unnecessary duplication of labor by the Court and Judge Parrish, and (2) potentially

inconsistent sentences. In accordance with the rule, the United States has filed a notice of this motion in case 2:19-cr-00381-JNP.

DATED this 2nd day of December, 2020.

JOHN W. HUBER
United States Attorney

 /s/ *Kent A. Burggraaf*
KENT A. BURGGRAAF
Special Assistant United States Attorney